**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NALCO COMPANY LLC, a Delaware limited liability company and ECOLAB USA INC., a Delaware Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> SOLENIS LLC, a Delaware corporation, <br><br> Defendant. | Civil Action No. 16-cv-08897 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Nalco Company LLC ("Nalco") and Ecolab USA Inc. ("Ecolab") (collectively "Plaintiffs"), for their Complaint, state and allege as follows:

**THE PARTIES**

1. Plaintiff Nalco is a limited liability company duly organized and existing under the laws of the State of Delaware and has a principal place of business at 1601 W. Diehl Road, Naperville, Illinois 60563-1198.

2. Plaintiff Ecolab is a corporation duly organized and existing under the laws of the State of Delaware and has a principal place of business at Ecolab Center, 370 North Wabasha Street, St. Paul, Minnesota 55201.

3. Defendant, Solenis LLC ("Solenis" or "Defendant"), is a corporation existing under the laws of the State of Delaware, and has a principal place of business at 3 Beaver Valley Road, Suite 500, Wilmington, DE 19803. Solenis is registered to do business in the State of Illinois with an agent for service of process at 208 South LaSalle St., Suite 814, Chicago, Illinois 60604.

4. Plaintiffs and Defendant are both involved and active in the sale of chemical additives for industrial processes such as papermaking. Solenis has used and is currently selling for use by its papermaking customers a filler and fiber optimizing program and product called OptiFill$^{SM}$.

## JURISDICTION AND VENUE

5. This is a claim of patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271; 281-285.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction and venue in this District are proper under 28 U.S.C. § 1391 and 1400(b). Solenis has systematic and continuous contacts with the State of Illinois and this District. It is registered to do business in the State of Illinois with an agent for service of process at 208 South LaSalle St., Suite 814, Chicago, Illinois 60604.

## COUNT I
### Patent Infringement of U.S. Patent No. 8,465,623

8. On June 18, 2013, United States Patent No. 8,465,623 ("the '623 patent") entitled Method of Improving Dewatering Efficiency, Increasing Sheet Wet Web

Strength, Increasing Sheet Wet Strength and Enhancing Filler Retention In Papermaking was duly and legally issued to Plaintiff Nalco as assignee of the inventors Yulin Zhao, Jun Li, Qing Long Rao, and Weiguo Cheng. Nalco duly assigned all right, title and interest in the '623 patent to Ecolab. Ecolab is the owner of the entire right, title and interest in and to the '623 patent. Nalco and/or Ecolab has been the owner of the patent throughout the period of Defendant's infringement, and Ecolab still is the owner thereof. On or about August 15, 2016, Nalco became the exclusive licensee of the '623 patent. The '623 patent is attached as Exhibit A.

9. Defendant's use of certain paper processing aids or chemicals, including the OptiFill$^{SM}$ program, directly and indirectly infringes the '623 patent. Defendant has used and continues to use the OptiFill$^{SM}$ program in a method that infringes the '623 patent in at least one paper processing plant in the United States. Specifically, Defendant's use of the OptiFill$^{SM}$ program infringes at least claim 19 of the '623 patent.

10. Defendant has contributed to, and continues to contribute to, the infringement of the '623 patent by selling and offering for sale chemical products to customers under the OptiFill program and instructing its customers on how to use those chemicals in a method that infringes the '623 patent in at least one papermill in the United States.

11. Defendant's chemical products comprise a material part of the claimed invention of the '623 patent, are not staple articles of commerce, and have no substantial noninfringing uses. When used according to Defendant as part of the OptiFill program, the use of Defendant's chemical products infringes the '623 patent.

12. Defendant is aware of the '623 patent, has been aware of the '623 patent during the period of infringement, and knowingly offered its chemical products for use in a process that is claimed in the '623 patent.

13. Defendant's customers, specifically papermills that purchase Defendant's chemical products as part of the OptiFill program for use in paper processing, also directly infringe the '623 patent by using the chemical products in accordance with the OptiFill program in a process that embodies the invention of the '623 patent. Defendant knows that its customers use, and indeed instructs its customers to use, its chemical products as part of the OptiFill program in a manner that infringes the '623 patent.

14. Defendant also has induced and continues to induce infringement of the '623 patent by selling chemical products to papermills as part of the OptiFill program and instructing the papermills to use the chemical products in accordance with the OptiFill program in a process that infringes the '623 patent. Defendant also has assisted and continues to assist the papermills in using the chemical products as part of the OptiFill program in a process that infringes the '623 patent.

15. Defendant is and has been aware of the '623 patent and knows that its sale of its chemical products under the OptiFill program and instructions for use of the same induce Defendant's customers to directly infringe the '623 patent. Defendant's knowledge of the '623 patent, combined with Defendant's instructions for use of the chemical products as part of the OptiFill program in the manner specified by the '623 patent, demonstrate that Defendant intends to induce its customers to infringe the '623 patent.

16. When using Defendant's chemical products as instructed by Defendant as part of the OptiFill program, Defendant's customers, specifically the papermills, directly infringe the '623 patent by using the chemical products as part of the OptiFill program in a process that embodies the invention of the '623 patent.

17. Defendant has had notice of the '623 patent and its infringement thereof.

18. Defendant's infringement of the '623 patent is and continues to be willful and deliberate.

19. Plaintiffs have been damaged by Defendant's infringement of the '623 patent and will continue to be damaged in the future unless Defendant is preliminarily and permanently enjoined from infringing said patent.

## COUNT II

### Patent Infringement of U.S. Patent No. 8,088,250

20. Plaintiffs incorporate the allegations in paragraph 1-19 of this Complaint.

21. On January 3, 2012, United States Patent No. 8,088,250 ("the '250 patent") entitled Method of Increasing Filler Content In Papermaking was duly and legally issued to Plaintiff Nalco as assignee of the inventors Yulin Zhao, Jun Li, Qing Long Rao, and Weiguo Cheng. Nalco duly assigned all right, title and interest in the '250 patent to Ecolab. Ecolab is the owner of the entire right, title and interest in and to the '250 patent. Nalco and/or Ecolab has been the owner of the patent throughout the period of Defendant's infringement, and Ecolab still is the owner thereof. On or about August 15, 2016, Nalco became the exclusive licensee of the '250 patent. The '250 patent is attached as Exhibit B.

22.     Defendant's use of certain paper processing aids or chemicals, including the OptiFill<sup>SM</sup> program, directly and indirectly infringes the '250 patent. Defendant has used and continues to use the OptiFill<sup>SM</sup> program in a method that infringes the '250 patent in at least one papermill in the United States. Specifically, Defendant's use of the OptiFill<sup>SM</sup> program infringes at least claims 1-3, 6-7, 12-13 and 17 of the '250 patent.

23.     Defendant has contributed to, and continues to contribute to, the infringement of the '250 patent by selling and offering for sale chemical products to customers under the OptiFill program and instructing its customers on how to use those chemicals in a method that infringes the '250 patent in at least one papermill in the United States.

24.     Defendant's chemical products comprise a material part of the claimed invention of the '250 patent, are not staple articles of commerce, and have no substantial noninfringing uses. When used according to Defendant as part of the OptiFill program, the use of Defendant's chemical products infringes the '250 patent.

25.     Defendant is aware of the '250 patent, has been aware of the '250 patent during the period of infringement, and knowingly offered its chemical products for use in a process that is claimed in the '250 patent.

26.     Defendant's customers, specifically papermills that purchase Defendant's chemical products as part of the OptiFill program for use in paper processing, also directly infringe the '250 patent by using the chemical products in accordance with the OptiFill program in a process that embodies the invention of the '250 patent. Defendant

knows that its customers use, and indeed instructs its customers to use, its chemical products as part of the OptiFill program in a manner that infringes the '250 patent.

27. Defendant also has induced and continues to induce infringement of the '250 patent by selling chemical products to papermills as part of the OptiFill program and instructing the papermills to use the chemical products in accordance with the OptiFill program in a process that infringes the '250 patent. Defendant also has assisted and continues to assist the papermills in using the chemical products as part of the OptiFill program in a process that infringes the '250 patent.

28. Defendant is and has been aware of the '250 patent and knows that its sale of its chemical products under the OptiFill program and instructions for use of the same induce Defendant's customers to directly infringe the '250 patent. Defendant's knowledge of the '250 patent, combined with Defendant's instructions for use of the chemical products as part of the OptiFill program in the manner specified by the '250 patent, demonstrate that Defendant intends to induce its customers to infringe the '250 patent.

29. When using Defendant's chemical products as instructed by Defendant as part of the OptiFill program, Defendant's customers, specifically the papermills, directly infringe the '250 patent by using the chemical products as part of the OptiFill program in a process that embodies the invention of the '250 patent.

30. Defendant has had actual notice of the '250 patent and its infringement thereof.

31. Defendant's infringement of the '250 patent is and continues to be willful and deliberate.

32. Plaintiffs have been damaged by Defendant's infringement of the '250 patent and will continue to be damaged in the future unless Defendant is preliminarily and permanently enjoined from infringing said patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a. A judgment that Defendant has infringed United States Patent No. 8,465,623;

b. A judgment that Defendant has infringed United States Patent No. 8,088,250;

c. An injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, customers, attorneys and all others acting under or through it, directly or indirectly, from infringing, or contributing to or inducing the infringement of, United States Patent Nos. 8,465,623 and 8,088,250;

d. A judgment and order requiring Defendant to pay damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

e. A judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285, with interest; and

  f.  Such other and further relief as this Court may deem just and equitable.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable.

           Respectfully Submitted,

Date: <u>September 14, 2016</u>   <u>s/Anthony R. Zeuli</u>
           Anthony R. Zeuli (IL #6231415)
           Rachel Zimmerman Scobie
           Anneliese Mayer
           MERCHANT & GOULD P.C.
           3200 IDS Center
           80 South Eighth Street
           Minneapolis, MN 55402
           Phone: 612.332.5300
           Fax:  612.332.9081

           David E. Morrison
           Oscar Alcantara
           GOLDBERG KOHN LTD.
           55 East Monroe Street, Suite 3300
           Chicago, Illinois  60603
           (312) 201-4000

           *Attorneys for Nalco Company LLC*
           *and Ecolab USA Inc.*