UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NALCO COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 08913 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| SOLENIS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NALCO COMPANY LLC and | ) | |
| ECOLAB USA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 16 C 08897 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| SOLENIS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

    This Order is being entered in both 15 C 8913 and 16 C 8897. Both cases assert that Solenis LLC has infringed patents 8,465,623 and 8,088,250, which generally claim certain chemical processes that allegedly improve the quality of paper. Solenis is sued in both cases, but in 15 C 8913, only Nalco Company is the plaintiff, whereas in 16 C 8897, there are two plaintiffs, Nalco and Ecolab USA, Inc. The difference in plaintiffs is what prompts this Order.

    Specifically, as the record now demonstrates, Nalco did not have standing to bring the 15 C 8913 suit at the time that the suit was filed in October 2015. As it turns out, Nalco had assigned all of its assets, including its intellectual property, to

Ecolab on December 31, 2014. The Contribution Agreement that effectuated the transfer was both broad in assigning "all" of Nalco's "properties, assets, claims, rights, and interests of every kind, nature, character, or description, whether tangible or intangible," and specific in declaring that the assets included all rights in "all patents." Case No. 15 C 8913, R. 89-1, Contribution Agr. §§ 1.2 (defining Transferred Assets), § 1.2(c) (specifying "patents" as a form of transferred asset). After this all-asset transfer, Ecolab did license back the intellectual property (including the patents-in-suit) but the license was *not* exclusive. So, at the time of the 2015 suit's filing, Nalco has no right to bring the case.

Eventually this lack of standing came to light, and eventually Nalco filed another case, 16 C 8897, with Ecolab as the co-Plaintiff. Nalco is, as of August 15, 2016, the exclusive licensee of the patents-in-suit. But the license agreement does *not* grant Nalco any rights to the patents—including past damages for alleged infringement—prior to that date. Those rights still belong to Ecolab, and thus Ecolab is the co-Plaintiff in 16 C 8897 for purposes of asserting pre-August 15, 2016 infringement.

With these two cases on the docket, Solenis argues that not only should 15 C 8913 be dismissed for lack of standing, but it should be dismissed *with prejudice*, thus in effect preventing Nalco from pursuing the 16 C 8897 action for post-August 15 damages. On review of the record, although Nalco made several unreasonable mistakes that warrant sanctions, the ultimate sanction of dismissal with prejudice is too harsh here. To start, it does not appear that Nalco acted in outright bad faith when it filed the 2015 lawsuit. There is no stratagem that would motivate Nalco to *intentionally* misstate its standing to sue. Nalco would have risked the unwinding of any victory if it were later discovered (as it was) that it had no standing to sue, and also would have (as it does now) faced sanctions for pursuing the litigation in the first place.

It is true that, after the 2015 suit's filing, it is suspicious that Nalco did not bring the assignment to the Court's attention immediately after Nalco's counsel learned of it on July 12, 2016. The parties were in the midst of briefing Solenis's motion to stay pending inter partes review, and Nalco filed a response to that motion on August 1, 2016. Case No. 15 C 8913, R. 67. Yet Nalco did not mention the assignment to Ecolab. This is suspicious because acknowledging the assignment would have, quite obviously, strengthened the merits of the stay motion because Nalco did not even have standing to sue at that time, let alone resist a stay. But the Court will give Nalco the benefit of the doubt when Nalco explains that it was

2

investigating how to remedy the standing problem, instead of pursuing a bad faith strategy.

Absolving Nalco of a bad-faith finding hardly lets it off the hook. Nalco acted negligently in filing the lawsuit without standing to do so. None of Nalco's explanations are reasonable, especially because the 2014 Contribution Agreement covered *all* of Nalco's assets. It is not as if there was a long, complicated schedule of assets that Nalco had to pick through. And, as noted earlier, the Contribution Agreement specifically stated that all patents were included in the transfer. Yes, Nalco, Ecolab, and their related corporate entities are part of an extensive corporate structure, but of course they chose that structure and that is not a reasonable excuse for the mistaken filing.

What is worse is (moving beyond the initial filing of the case) the gross negligence displayed by Nalco after learning, on July 12, 2016, of the assignment. Resolving that problem, and bringing it to the Courts attention, should have been one of Nalco's top business priorities and one of counsel's top litigation priorities. Instead, Nalco left it to Solenis to raise the issue with the Court on September 9, 2016, R. 83, nearly two months after the problem was flagged. Indeed, filing the response to the stay motion (on August 1) without alerting the Court to the Contribution Agreement was, if not in bad faith (as the Court has refrained from finding), extremely negligent.

Nalco's negligence justifies sanctions (though not dismissal with prejudice) for causing Solenis to litigate unnecessarily in 15 C 8913. Solenis is entitled to attorney's fees and costs for preparing and filing (a) R. 13 (the answer and the counterclaim); (b) R. 55 (the answer to the amended complaint and the counterclaim); (c) R. 58, 59 (the stay motion and the brief in support); (d) R. 75 (the reply on the stay motion); (e) R. 84, 86 (the motion to dismiss and the brief in support); and (f) R. 99 (the reply on the motion to dismiss). The parties shall use Local Rule 54.3 as the mechanism (with today's date as the start date for the process as if the Order were the judgment) for figuring out the fees and costs, although hopefully the process will end with an agreement on the amount.

The Clerk's Office shall terminate 15 C 8913, because 16 C 8897 completely subsumes 15 C 8913. All further filings shall be made in 16 C 8897, except for any filings needed on the attorney's fees and costs shifting that is ordered in 15 C 8913. Nalco shall answer the complaint in 16 C 8897, and assert counterclaims, by January 25, 2017.

Also on January 25, 2017, the parties shall file a joint report on the status of the inter partes review application and proceeding. The Court was going to enter a stay pending inter partes review in 15 C 8913, and does so in this case (except for the answer deadline and the status report requirement). There had been some discovery in 15 C 8913, but the case was still in a relatively early stage, especially because the '250 patent was not added to the case until April 14, 2016. Plus, Nalco initially alleged infringement of only one claim (Claim 19) in the '623 patent, whereas on April 1, 2016, the Initial Infringement Contentions asserted 17 claims had been infringed (that is the combined total from both patents). Solenis filed the inter partes review applications on July 5, 2016. So despite the 2015 filing date of the lawsuit, the litigation really was just getting going in earnest when the IPRs were filed.

Nalco argues that waiting is not worth it because, based on as-of June 30, 2016 statistics, nearly half (1,621) of IPR petitions did not result in instituted trials. But of those 1,621 petitions, 583 petitions resulted in a settlement *before* the institution decision was even made. Those 583 settlements presumably resolved at least some, and perhaps all, of the disputes between the parties. Adding those 583 petitions to the 1,674 petitions that *did* result in instituted trials means that around 68.5% of the total petitions had a direct impact on the disputes between the parties. The stay is justified (though, again, the parties must file a report on the status of IPR petitions by January 25, 2017).

In summary, in 15 C 8913, the motion to stay [58] is denied as unnecessary and the motion to dismiss [84] is granted in part. That case is dismissed for lack of standing. But the Court retains jurisdiction to implement the attorney's fees and costs shifting as explained in this Order. In 16 C 8897, Solenis shall answer and counterclaim by January 25, 2017; the parties shall file the IPR status report by January 25, 2017; and the case is otherwise stayed. The status hearing of January 5, 2017, is reset to January 31, 2017, at 9:45 a.m., in both cases.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 4, 2017

4